# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SATA GmbH & Co. KG,

    Plaintiff

v.

NingBo Genin Industrial Co., Ltd. d/b/a Hoteche,

    Defendant

Case No.: 2:16-cv-02546-JAD-GWF

**Order Granting Motion for Attorney's Fees**

[ECF No. 16]

Defendant NingBo Genin Industrial Co., Ltd., doing business as Hoteche, defaulted in this patent- and trademark-infringement case.[1] I directed the Clerk of Court to enter default judgment against Hoteche in the amount of $50,000 in statutory damages for infringing on plaintiff SATA GmbH & Co. KG's intellectual property, and I imposed a permanent injunction, preventing Hoteche from further infringing on that property.[2] But I denied SATA's request for attorney's fees without prejudice because it failed to satisfy the local rules.[3] SATA has now filed a local-rules-compliant motion for attorney's fees.[4] I find that its requested fees are reasonable, and I grant the motion.

## Discussion

The Lanham Act permits an award of attorney's fees to the prevailing party in "exceptional cases,"[5] and the Ninth Circuit has held that willful-infringement cases like this one are "exceptional."[6] So, SATA is entitled to an award of reasonable attorney's fees. "The most

---

[1] ECF No. 6.

[2] ECF No. 13.

[3] *Id.*

[4] ECF No. 16.

[5] 15 U.S.C. § 1117(a) (2012).

[6] *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) (quoting *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993)).

1

useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[7] The moving party bears of the burden of proving the reasonableness of its fees by producing detailed time records that describe the work performed and the hours spent.[8] The court then scrutinizes the records for unnecessary, duplicative, or excessive entries, and considers the prevailing hourly rate for attorneys of comparable experience, skill, and reputation in the moving party's locale.[9] The court has discretion to reduce an award based on inadequate evidentiary support.[10]

**A.     SATA's billed hours and rates are reasonable.**

SATA requests $11,117 in attorney's fees.[11] It supports this amount with a 32-page exhibit containing invoices for work performed by multiple people, the lion's share of which was completed by Mr. Caloiaro.[12] Mr. Caloiaro declares that the invoices are accurate and only account for time and work spent on this case.[13] The invoices show that: Mr. Caloiaro worked 21.7 hours at $320 per hour, .7 hours at $345 per hour, and 9.5 hours at $275 per hour;[14] "J. Pellant" worked 2.5 hours at $345 per hour; "C. Hebert" worked 1.1 hours at $260 per hour; and "L. Williams" worked .6 hours at $285 per hour.[15]

---

[7] *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1261–62 (9th Cir. 1987) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[8] *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

[9] *Id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 and accompanying text (1984).

[10] *Hensley*, 461 U.S. at 433.

[11] ECF No. 16. SATA previously requested $14,378.50 in fees and $1,379.68 in costs. But, given the opportunity to reevaluate its calculations, it realized that work unassociated with this case was inadvertently included in the prior numbers, so the current request is an accurate one. ECF No. 16-2.

[12] ECF No. 16-1.

[13] ECF No. 16-2.

[14] ECF No. 16-1. Mr. Caloiaro transferred firms during this case, which explains the drop in hourly rate. ECF No. 16-2.

[15] ECF No. 16-1.

Based on my review of the detailed descriptions of each billing entry, the trajectory of this case, and personal experience in complex civil litigation in this market, I find that the hours spent by each of these individuals is reasonable and that none of their work was duplicative, unnecessary, or excessive. Counsel also provides a handful of cases from this district that awarded attorney's fees in the trademark-default context. Three of the four cases are persuasive.[16]

The first case was an eight-month-long trademark-default case that resulted in attorney's fees for $14,776.20.[17] And the other two cases—both of which I ruled on—also resulted in attorney's-fees awards of $17,408.48 and $20,234.40 after a trademark infringer defaulted.[18] I specifically found in *Mayweather* that rates between $295 and $675 are reasonable for trademark litigation in Las Vegas.[19] Mr. Caloiaro represents that he has been practicing as an intellectual-property litigator for more than seven years; has successfully litigated dozens of patent, trademark, copyright, and trade-secret cases; has given numerous CLE presentations on intellectual property subject matter; and has written articles on trademark and patent infringement.[20] Based on his extensive experience in the practice area, Mr. Caloiaro's variable rates of $275, $320, and $345 an hour are reasonable, as are the rates of his colleagues.

---

[16] The fourth is inapposite because the parties engaged in extensive litigation and full discovery over the course of two years before the pro se defendant from Belgium gave up and defaulted. *See Teller v. Dogge*, 2014 WL 4929413, at *1 (D. Nev. Sept. 30, 2014) (docket report case no. 2:12-cv-591-JCM-GWF).

[17] *Nevada Prop. 1 LLC v. Newcomsopolitanlasvegas.com*, 2013 WL 167755, at *2 (D. Nev. Jan. 15, 2013).

[18] *See Mayweather v. Wine Bistro*, 2014 WL 6882300, at *7 (D. Nev. Dec. 4, 2014) ($17,408.48); *Wynn Resorts Holdings, LLC v. Encore Lounge & Grill, LLC*, 2016 WL 4060305, at *2 (D. Nev. July 28, 2016) ($20,234.40).

[19] *Mayweather*, 2014 WL 6882300, at *10 (citing *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in LasVegas); *Snow v. McDaniel*, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (finding a $250 hourly rate reasonably within the context of a § 1988 inquiry); *Gibbs v. Rivers Transp. Group, Inc.*, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (same); *Am. Gen. Life Ins. Co. v. Futrell*, 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas).

[20] ECF No. 16 at 3.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that SATA's motion for attorney's fees **[ECF No. 16] is GRANTED.**

The **Clerk of Court** is directed to **ENTER JUDGMENT in the amount of $11,117 in attorney's fees in favor of SATA and against Hoteche.**

Dated: April 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey